SUMMARY ORDER
AFTER ARGUMENT AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is AFFIRMED.
Eberhart appeals from the unreported November 3, 2003, judgment of the Connecticut District Court (Warren W. Eginton, Judge) affirming the September 13, 2002, judgment of the United States Bankruptcy Court for the District of Connecticut (Albert S. Dabrowski, Chief Bankruptcy Judge). The Bankruptcy Court’s opinion, reported at In re Eberhart, 283 B.R. 97 (Bankr.D.Conn.2002), held that certain debts owed by Eberhart to First American Title Insurance Company (“First American”) as successor to the interests of Mortgage Investment Associates (“MIA”) were non-dischargeable under 11 U.S.C. § 523(a)(4). Those debts arose from a real estate refinancing transaction, brokered by Eberhart for the ben *674 efit of MIA and non-parties Judy and Joseph Zangari, relating to property owned by the Zangaris and located in Florida. The circumstances of that transaction are described in the Bankruptcy Court’s decision. See Eberhart, 283 B.R. at 98-100. Here we recite only those facts necessary to explain the basis of our agreement with the courts below.
After approving the Zangaris’ refinancing loan, MIA disbursed funds to Eberhart with the expressed purpose that Eberhart would use those funds to benefit MIA by settling all existing mortgages on the Zangaris’ property in order to put MIA in the position of first mortgage holder. We agree with the Bankruptcy Court that, in so doing, MIA created an express trust in Eberhart; and that Eberhart, by accepting the funds under those expressed terms, assumed the normal fiduciary responsibilities owed by a trustee to trust beneficiaries under federal and Connecticut law. We further agree with the Bankruptcy Court’s finding that, by failing to execute his fiduciary duties to MIA, Eberhart committed a defalcation. As we agree with these conclusions, we also agree that the debt owed by Eberhart to MIA was not dischargeable “for fraud or defalcation while acting in a fiduciary capacity.” 11 U.S.C. § 523(a)(4).
We have considered Eberhart’s remaining arguments on this appeal and find that each of them is without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.